IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL CENTER AT ELIZABETH PLACE, LLC, | : | CASE NO. 3:12-cv-00026 |
| | : | (Judge Timothy S. Black) |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| PREMIER HEALTH PARTNERS, et al. | : | **STIPULATED PROTECTIVE ORDER AND APPROVED CONFIDENTIALITY AGREEMENT** |
| Defendants. | | |

WHEREAS, Plaintiff, The Medical Center at Elizabeth Place, LLC ("Plaintiff")

and Defendants, Premier Health Partners, Atrium Health System, Catholic Health Initiatives,

MedAmerica Health Systems Corporation, Samaritan Health Partners and UVMC

("Defendants") believe that certain information may be sought through discovery or otherwise in

the above-titled action that will involve the disclosure of commercially sensitive, business

proprietary and confidential information and materials within the meaning of Rule 26(c) of the

Federal Rules of Civil Procedure; and

WHEREAS the parties, through counsel, have stipulated to entry of this

Stipulated Protective Order and Approved Confidentiality Agreement ("Protective Order")

pursuant to Rule 26(c) to prevent the inappropriate use and disclosure of such commercially

sensitive, business proprietary and confidential information and materials.

IT IS ORDERED AS FOLLOWS:

1.     This Protective Order governs the use and handling of documents, electronic information, testimony, written discovery, and other information, including all copies, excerpts, summaries and compilations thereof ("Discovery Materials") produced or given by any party to this case, captioned <u>The Medical Center at Elizabeth Place, LLC v. Premier Health Partners, et al.</u>, Case No. 3:12-cv-00026 ("Action"), or any other person or entity ("Producing Party") in this Action.

2.     All Discovery Materials produced by the parties in the course of this Action shall be used solely for the purpose of preparation for and trial of this Action and for no other purpose whatsoever, including but not limited to any business purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

## Two Categories of Confidential Information

3.     This Protective Order creates two categories of confidentiality. A Producing Party may designate Discovery Materials produced, used or disclosed in connection with this Action as (i) "CONFIDENTIAL" or (ii) "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" subject to the protections and requirements of this Protective Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order.

a.     CONFIDENTIAL: Discovery Materials designated "CONFIDENTIAL" refer to information that a Producing Party in good faith believes constitutes, contains, or refers to information that is not generally available to or accessible by the

2

general public, or that is to be kept confidential due to preexisting obligations. Discovery Materials that may be designated "CONFIDENTIAL" include but are not limited to market, business, or financial information, or other confidential commercial information, except to the extent covered by subsection b., below.

b.   HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY:  Discovery Materials designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" refer to information that a Producing Party in good faith believes constitutes, contains, or refers to confidential commercial information that, if disclosed to a business competitor, would tend to damage the Producing Party's competitive position, including but not limited to current business plans and strategies, current business agreements, current market research, and current financial information, among other information. It is the intention of the parties that the "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" designation be used as sparingly as possible.

4.   Nothing shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" if it is information that:

a.   is in the public domain at the time of disclosure;

3

b.        becomes part of the public domain through no action or fault of the other parties, the party or parties receiving Discovery Materials ("Receiving Party"), or counsel, or any expert, or any other person to whom disclosure is permitted pursuant to this Protective Order;

c.        was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

d.        is lawfully received by the Receiving Party at a later date from a party not in violation of this Protective Order and without restriction as to disclosure, provided such party has the right to make the disclosure to the Receiving Party.

## Disclosure and Use of Designated Discovery Materials

5.     Any Discovery Materials designated as "Confidential" shall be maintained as confidential, not to be disclosed, and shall be used by the Receiving Party solely in connection with this Action and shall not be disclosed to anyone other than:

a.        The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

4

b.      Outside counsel of record representing a named party to this litigation, who are on the signature block of this Protective Order and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

c.      Independent experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A, attached to this Protective Order, prior to receiving such information;

d.      Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors and jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the material be shown for purposes of this Action, and who have signed a Declaration in the form of Exhibit A, attached to this Protective Order, prior to receiving such information;

e.      Persons testifying in deposition to the extent the Discovery Materials were authored by or addressed to the person testifying or such person is established as knowledgeable of the specific information or contents of the Discovery Materials prior to

5

disclosing the Discovery Materials, except any such person shall not be entitled to retain such Discovery Materials; and

f.      Current employees of the parties to the extent necessary to the prosecution or defense of this Action who are identified by name and title by counsel for the Receiving Party. Such identification shall occur in a letter to the Producing Party submitted on or before February 15, 2013 and may be supplemented up to and including February 28, 2014. Within 14 days of the receipt of a letter containing such an identification, the Producing Party may challenge with the Court any employee identified by the Receiving Party in that letter if the Producing Party in good faith believes that the identified employee does not meet the requirements of this subsection, and no disclosure of any of the Producing Party's protected information shall be provided to the identified employee prior to the expiration of the 14-day period. All such identified employees shall sign a Declaration in the form of Exhibit A, attached to this Protective Order, prior to receiving such information, and all such persons shall cease having access to such information if and when they are no longer employees of the party that identified them. An employee to whom any of the Producing Party's protected information is disclosed as set forth in this subsection shall not retain any copies of any such protected information in his or her possession.

6.    Any Discovery Materials designated as "HIGHLY CONFIDENTIAL -
OUTSIDE COUNSEL'S EYES ONLY" shall be maintained as confidential, not to be disclosed, and shall be used by the Receiving Party solely in connection with this Action and shall not be disclosed to anyone other than:

a.    The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

b.    Outside counsel of record representing a named party to this litigation, who are on the signature block of this Protective Order and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

c.    Independent experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A, attached to this Protective Order, prior to receiving such information;

d.    Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors and jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the material be

shown for purposes of this Action, and who have signed a
Declaration in the form of Exhibit A, attached to this Protective
Order, prior to receiving such information; and

e.     Persons testifying in deposition to the extent the Discovery
Materials were authored by or addressed to the person testifying
or such person is established as knowledgeable of the specific
information or the contents of the Discovery Materials prior to
disclosing the Discovery Materials, except any such person shall
not be entitled to retain such Discovery Materials.

7.     The attorneys of record for the respective Receiving Parties shall retain
the original, executed Declarations (in the form of Exhibit A, attached to this Protective Order)
that have been executed by that party and any person to whom Discovery Materials designated
as "CONFIDENTIAL " or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES
ONLY" were given, pursuant to this Protective Order.

## Designating Discovery Materials as Confidential

8.     In the case of a document or thing, a designation of "CONFIDENTIAL "
or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" shall be accomplished
by marking every page of the document or conspicuously marking the thing with the appropriate
legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES
ONLY" in a manner that shall not interfere with the legibility of the information contained in the
Discovery Materials.

9.     As set forth in this paragraph and its subparts, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" orally or in writing either at the time of the deposition or after receipt by the parties of the final transcript as set forth below.

a.     For such time as any Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" are disclosed in a deposition, the party whose information or document is to be disclosed shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

b.     In the event that a party believes that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information will be disclosed during a deposition, counsel for the party shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order and may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY."

c.     A party shall have thirty (30) days after receiving a copy of the final deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," as appropriate.  During those 30 days, the deposition transcript in its entirety shall be treated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY."  If, within such thirty (30) days, no party designates in writing certain portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality.

d.     Any transcript containing material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," including exhibits thereto, shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL'S EYES ONLY," whichever is appropriate, and replacement copies or exhibits reflecting such information shall be stamped

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
OUTSIDE COUNSEL'S EYES ONLY," whichever is
appropriate, and access thereto shall be limited pursuant to the
terms of this Protective Order.

10. In the case of expert reports, if any Discovery Materials designated
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY,"
pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an
expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL
INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE
COUNSEL'S EYES ONLY," whichever is appropriate, and the portion of the report reflecting
such information shall be stamped "CONFIDENTIAL INFORMATION" or "HIGHLY
CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL'S EYES ONLY," whichever is
appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order.
The party retaining the expert shall be responsible for the initial stamping of such report.

11. The failure of a Producing Party to designate Discovery Materials as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY"
in accordance with this Protective Order, and the failure of a Receiving Party to object to such a
designation, shall not preclude the party at a later time from subsequently designating or
objecting to the designation of such Discovery Materials as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." The parties understand and
acknowledge that a Producing Party's failure to designate Discovery Materials as either
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY"

at or within the time specified in this Protective Order relieves the other parties of any obligation of confidentiality until the designation is actually made.

### Use of Designated Discovery Materials

12.     Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials at trial shall be addressed by this Court at the appropriate time. Counsel for the parties agree to confer in good faith about procedures for handling Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" during trial or any hearing in open Court of this Action, including the possibility of an additional order.

13.     The procedures for handling Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" during trial or any hearing in open Court of this Action (to be established at a later time pursuant to Paragraph 12) shall allow the Producing Party the right to remove any relevant confidentiality designations, including all markings and legends, before the use or disclosure of the Discovery Materials at trial or any other court proceeding.

14.     Unless otherwise required by the Court, whenever any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" or any pleading containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information is filed with the Court, the party submitting

such document or pleading shall file a motion for leave to file under seal, and shall do so in accordance with S.D. Ohio Civ. R. 79.3.

      15.     Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any party of any Discovery Materials required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the Discovery Materials designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance written notice of any such requested disclosure, but in any event at least five (5) business days prior to the requested disclosure, to the counsel of the other party or parties to afford the original Producing Party the opportunity to seek legal protection from the disclosure of such Discovery Materials.

      16.     This Protective Order shall not bar any attorney representing a party to this Action, in the course of rendering advice to his or her client with respect to this Action, from conveying to that client in this Action his or her evaluation in a general way of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information, provided, however, that, in rendering such advice and discussing such evaluation, the attorney shall not disclose the specific contents of any "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information, produced by another party, which disclosure would be contrary to the terms of this Protective Order.

### Challenges to Confidentiality Designation

      17.     This Protective Order shall be without prejudice to the right of any party:

a.  to have determined by motion, at any time, whether any Discovery Materials have been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY"; and

b.  to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

18.  Should a party wish to challenge a confidentiality designation as described in Paragraph 17, it shall make a written Designation Challenge to the Producing Party, as set forth below:

(a)  Designation Challenge: The Receiving Party shall identify with specificity (*i.e.*, by Document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Materials for which it seeks to challenge the confidentiality designation. A Designation Challenge will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the Discovery Materials are entitled to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" under Paragraphs 3-4. Except in the case of a Designation Challenge for more than 20 Documents or more than 25 pages of deposition testimony, within ten (10) days the Producing Party shall respond in writing to the Designation Challenge either agreeing to de-designate the Discovery Materials at issue or provide the Receiving Party an explanation for the designation. If a Designation Challenge entails more than 20 Documents or more than 25 pages of deposition testimony, the Requesting Party and the Producing Party shall meet and confer, in good faith, to establish a reasonable timeframe for designation and response.

(b)  Court Determination: If the Receiving Party disagrees with a Producing Party's designation of Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" following a Designation Challenge, it may apply to the Court for

relief from the Protective Order as to the contested designation(s).

(c)                         The Producing Party bears the burden to demonstrate that the designation(s) are justified under FED. R. CIV. P. 26(c). No presumption or weight will attach to the initial designation of Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY."

(d)                         Pending a ruling, the Discovery Materials shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" under the terms of this Protective Order.

(e)                         With respect to Discovery Materials that the Producing and Receiving Parties agree are not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," or which the Court orders not to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," within ten (10) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

(f)                         Nothing in this Protective Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Materials that are found to no longer constitute "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Discovery Materials.

## **Inadvertent Disclosure**

19.     In the event that any Discovery Materials designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY"

is disclosed, through inadvertence or otherwise, to any person or party not authorized under this

Protective Order, then the party who disclosed the Discovery Materials ("Disclosing Party")

shall use its best efforts to seek the return of such Discovery Materials so disclosed; and bind

such person to the terms of this Protective Order, including Exhibit A; and the Disclosing Party

shall (a) promptly inform such person of all the provisions of this Protective Order; and (b)

identify such person immediately to the party or nonparty that designated the document as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY."

The executed Declaration (Exhibit A) shall be promptly served upon the party or nonparty

designating the Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL'S EYES ONLY."

20.     The inadvertent production or disclosure of any document (including but

not limited to email or other electronic documents) or thing otherwise protected by the

attorney-client privilege, work-product protection or any other legally recognized privilege or

doctrine of protection ("Disclosed Protected Information") shall not constitute or be deemed a

waiver or forfeiture of any claim of privilege or protection that the Producing Party would

otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject

matter.  The Producing Party shall assert in writing the privilege or protection with respect to the

Disclosed Protected Information.  The Receiving Party shall, within five (5) business days of

receipt of that writing, return or destroy the Disclosed Protected Information and any and all

copies thereof or references thereto (except that (a) any derivative information may be retained

in the event of any challenge pursuant to subsections a.-c. below, in which event such derivative

information shall be handled as provided in subsection d., and (b) the Receiving Party may retain one (1) copy of the Disclosed Protected Information in the event of any challenge pursuant to subsections a.-c. below, in which event the retained Disclosed Protected Information shall be handled as provided in subsection e.) and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed. If the inadvertently produced material is included in a disk containing discovery responses provided by the Producing Party, the Producing Party shall provide a substitute disk excluding the Disclosed Protected Information.

a.     If the Receiving Party disputes and wishes to contest that any such Disclosed Protected Information was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the Disclosed Protected Information (and all copies) are returned to the Producing Party.

b.     Within five (5) days after receiving such notification, the Producing Party shall provide to the receiving parties a list identifying all such returned Disclosed Protected Information and stating the basis for the claim of privilege or protection.

c.     Within fourteen (14) days of receiving such a list, the Receiving Party or parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion"). If a Privilege Motion is filed, the Producing Party shall have the burden of proving that the

Disclosed Protected Information in dispute is protected by the claimed privilege or by work-product protection. The Privilege Motion shall be filed under seal and shall not assert as a ground or basis for compelling production the fact or circumstances of inadvertent production.

d. Derivative information is anything generated by a Receiving Party that contains information derived from inadvertently produced Disclosed Protected Information. With respect to any retained derivative information, the Receiving Party shall maintain it in a segregated, secure location and it shall be used only for the purpose of a challenge pursuant to subsections a.-c. above, and for no other purpose. If the Receiving Party does not obtain an order compelling production pursuant to a timely filed Privilege Motion, the Receiving Party shall, within two (2) business days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or protected information in a manner such that the derivative privileged or protected information cannot in any way be retrieved, inferred or reproduced.

e. With respect to the one copy of the inadvertently produced Disclosed Protected Information retained by the Receiving Party, the Receiving Party shall maintain the copy in a segregated,

secure location and it shall be used only for the purpose of a
challenge pursuant to subsections a.-c. above, and for no other
purpose. If the Receiving Party does not obtain an order
compelling production pursuant to a timely filed Privilege
Motion, the Receiving Party shall, within two (2) business days
after learning of the denial of the Privilege Motion, return or
destroy the Disclosed Protected Information, and provide a
certification of counsel that the Disclosed Protected Information
has been returned or destroyed.

f.      Nothing in this paragraph shall limit a party's ability to assert to
the Court that a Disclosing Party's affirmative use of Disclosed
Protected Information in this Action in fairness requires
disclosure of privileged or work product protected information
pursuant to Fed. R. Evid. 106 or 502(a).

21.     If portions of documents are redacted for privilege or for any other reason,
the Producing Party shall mark every page or significant component that contains the privileged
or redacted information with "PRIVILEGED" and/or "REDACTED" stamps. Redactions must
be logged in a privilege log or redaction log and must remove only the part(s) of a document that
are claimed to be privileged or protected from disclosure.

### Nonparties

22.     If discovery is sought of a person or entity not a party to this Action ("nonparty") requiring disclosure of such nonparty's information that may properly be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," the nonparty may designate such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," and it will be accorded the same protection as the parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" information.

### Miscellaneous Provisions

23.     Unless otherwise permitted, within sixty (60) days after the conclusion of this Action, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," all copies of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," and all excerpts therefrom (including derivative information) in the possession, custody or control of the Receiving Parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Producing Party. However, outside counsel may retain pleadings and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a party and its counsel shall separately provide written certification to the Producing Party that the actions required by this paragraph have been completed.

24.     All references to "days" in this Protective Order shall be construed as calendar days unless specifically identified as otherwise. If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

25. The parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

26. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the parties, collectively shall be deemed to be the original.

27. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the party to whom notice is required to be given.

28. In the event that anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense that the aggrieved party possesses an adequate remedy at law.

29. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

30. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this

Protective Order. This Protective Order shall survive the final disposition of this Action, by judgment, dismissal, settlement, or otherwise.

31. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

SO ORDERED this _28th_ day of _DECEMBER_, 2012.

_Timothy S. Black_
UNITED STATES DISTRICT JUDGE

_____ /s/ Charles J. Faruki _____

Charles J. Faruki (0010417)
   *Trial Attorney*
Laura A. Sanom (0039451)
Peter T. Snow (0088837)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza S.W.
10 N. Ludlow St.
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com
          lsanom@ficlaw.com
          psnow@ficlaw.com

Thomas Demitrack (0025266)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
E-mail: tdemitrack@jonesday.com
          slbunce@jonesday.com

Toby G. Singer (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
E-mail: tgsinger@jonesday.com

Attorneys for Defendants Premier Health
Partners, Atrium Health System, Catholic
Health Initiatives, MedAmerica Health
Systems Corporation, Samaritan Health
Partners, and UVMC

THIS PROTECTIVE ORDER IS
STIPULATED TO AND AGREED BY:


_/s/ Richard A. Ripley_
Richard A. Ripley (pro hac vice)
  _Trial Attorney_
James R. Wade (pro hac vice)
Nora L. Whitehead (pro hac vice)
HAYNES AND BOONE, LLP
1615 L Street, NW, Suite 800
Washington, D.C. 20036-5610
Telephone: (202) 654-4500
Telecopier: (202) 654-4245
Email: richard.ripley@haynesboone.com
       jimwade@haynesboone.com
       nora.whitehead@haynesboone.com


James A. Dyer (0006824)
Toby K. Henderson (0071378))
SEBALY, SHILLITO & DYER
A Legal Professional Association
40 N. Main Street
1900 Kettering Tower
Dayton, OH 45423-1013
Telephone: (937) 222-2521
Telecopier: (937) 222-6554
Email: jdyer@ssdlaw.com
       thenderson@ssdlaw.com


Attorneys for Plaintiff The Medical
Center at Elizabeth Place, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL CENTER AT ELIZABETH PLACE, LLC, | : | CASE NO. 3:12-cv-00026 |
| | : | (Judge Timothy S. Black) |
| Plaintiff, | : | |
| v. | : | |
| | : | **EXHIBIT A TO STIPULATED** |
| PREMIER HEALTH PARTNERS, <u>ET</u> <u>AL</u>. | | **PROTECTIVE ORDER AND** |
| | : | **APPROVED CONFIDENTIALITY** |
| Defendants. | | **AGREEMENT** |
| | : | |

_____, declares and undertakes as follows:

My address is _____

_____.

My present employer is _____

_____.

My present occupation or job description is _____

_____.

I have received and read a copy of the Stipulated Protective Order and Approved

Confidentiality Agreement entered by this Court in the Action identified in the above caption

("Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to

be bound by each of the terms and conditions of the Protective Order and by such other orders as

may be made by the Court. In particular, I agree to hold in confidence, in accordance with the

requirements of the Protective Order, any information and material disclosed to me pursuant to

the Protective Order and, unless permitted by further order of the Court, not to communicate the

contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

I declare under penalty of perjury that all of the above declarations are true and correct.

DATED: _____

SIGNATURE: _____

680258.1