# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### (Western Division)

| | |
|---|---|
| THE MEDICAL CENTER AT ELIZABETH PLACE, LLC, *Plaintiff*, v. PREMIER HEALTH PARTNERS, *et al.*, *Defendants*. | Case No. 3:12-cv-00026-TSB<br><br>District Judge Timothy S. Black<br><br>Magistrate Judge Michael J. Newman |

## STIPULATED QUALIFIED PROTECTIVE ORDER
## FOR PROTECTED HEALTH INFORMATION

WHEREAS, Plaintiff, The Medical Center at Elizabeth Place, LLC ("Plaintiff") and Defendants, Premier Health Partners, Atrium Health System, Catholic Health Initiatives, MedAmerica Health Systems Corporation, Samaritan Health Partners and UVMC ("Defendants") believe that certain information may be sought through discovery or otherwise in the above-titled action that will involve the disclosure of Protected Health Information ("PHI") – as defined below – relating to the parties' and other third party entities' respective patients ("Patients"); and

WHEREAS the parties, through counsel, have stipulated to entry of this Stipulated Qualified Protective Order for Protected Health Information pursuant to Rule 26(c) and 45 C.F.R. § 164.512(e)(1), to lessen the burden of redacting PHI from Discovery Materials and to prevent the inappropriate use and disclosure of such information;

IT IS ORDERED AS FOLLOWS:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit PHI pertaining to Patients to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Patients to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the PHI of Patients for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Patient PHI to persons involved in this litigation, counsel shall inform each such person that Patient PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Patient PHI do not use or disclose such information for any purpose other than this litigation. The parties shall redact all PHI from the copies of deposition and trial exhibits that are filed with

the Court, unless the filing party has obtained an order from the Court, for good cause shown, to file the exhibit containing PHI under seal.

      6.  Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of Patient PHI received from counsel pursuant to paragraph four of this Order, shall return that PHI to the covered entity or destroy any and all copies of PHI, *except* that counsel are not required to secure the return or destruction of PHI submitted to the court.

      7.  This Order does not control or limit the use PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

      8.  Unless the PHI is essential for the Court to understand a party's position, the parties shall redact any PHI from filings with the Court. Further, this Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file PHI under seal.

SO ORDERED this 3rd day of July, 2013

                                          ___s/Timothy S. Black_____
                                          UNITED STATES DISTRICT JUDGE