UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL CENTER AT ELIZABETH PLACE, LLC, | : : : | Case No. 3:12-cv-26 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| MEDAMERICA HEALTH SYSTEMS CORPORATION, *et al*., | : : : | |
| Defendants. | : | |

**ORDER:
(1) DENYING DEFENDANTS' MOTION FOR AWARD OF COSTS (Doc. 168);
and
(2) GRANTING PLAINTIFF'S MOTION TO DENY BILL OF COSTS (Doc. 169)**

This civil action is before the Court on: (1) Defendants' motion for an award of costs (Doc. 168); and (2) Plaintiff's motion to deny the bill of costs (Doc. 169) and the parties' responsive memoranda (Docs. 170, 171).

### I.     BACKGROUND FACTS

On October 20, 2014, this Court entered an Order granting Defendants' motion for summary judgment.  (Doc. 162).  The Clerk filed a judgment. (Doc. 163).  Subsequently, on November 19, 2004, Plaintiff filed a notice of appeal.  (Doc. 166).  On December 22, 2014, Defendants filed a motion for leave to file a motion for an award of costs under seal.  (Doc. 167).  On January 16, 2015, the Court granted the motion for leave to file under seal.  That same day, Defendants filed a motion for an award of costs.  (Doc. 168).

## II.  STANDARD OF REVIEW

Pursuant to S.D. Ohio Civ. R. 54.1.1 regarding taxation of costs:

> Timeliness.  Unless otherwise ordered, taxation of costs shall not occur until a final judgment in favor of a party entitled to an award of costs has been entered by the Court.  The bill of costs shall be served within fourteen days after the date such judgment becomes final.

## III.  ANALYSIS

### A.  Timeliness of Filing

Defendants argue that the Court should assess costs because the October 20, 2014 judgment constitutes a "final judgment" under Local Rule 54.1.1.  (Doc. 170 at 3). However, pursuant to local rule, Defendants were obligated to serve their bill of costs 14 days "after the date such judgment bec[ame] final."  If, as Defendants argue, October 20, 2014 was the date of "final judgment," Defendants' bill of costs was due on November 3, 2014.  However, Defendants did not file a motion for an award of costs until December 22, 2014.  (Doc. 167).  Plaintiff argues, therefore, that the bill of costs did not comply with the local rule.  According to Plaintiff, if this Court construes the October 20, 2014 judgment as a "final judgment," this Court should deny Defendants' motion for costs as untimely.  *See, e.g., Segovia v. Montgomery County*, No. 3:10cv325, 2014 U.S. Dist. LEXIS 40119, at *9 (M.D. Tenn. Mar. 26, 2014) (denying as untimely Bill of Costs submitted nine days after deadline).

### B.  Plain Language of Local Rule 54.1.1

Federal Rule of Civil Procedure 54(d)(1), which authorizes the taxation of costs, is

2

silent on the timing for the assessment of costs, other than requiring that the Clerk give 14 days' notice.  The plain language of Local Rule 54.1.1 makes clear that taxation of costs "shall not occur until a final judgment" is entered.  Rule 54(a) defines the term "judgment" under the federal rules as "any order from which an appeal lies."  Fed. R. Civ. P. 54(a).

Defendants emphasize the recent amendment to Local Rule 54.1.1, which removed the language "the date on which any timely appeal should have been noticed, if one is not taken, or is the date on which the judgment is final after all appeals."  With respect to the amendment, Magistrate Judge Merz, the secretary of the Southern District Local Rules Committee, advised that in drafting the local rules, the committee attempts not to repeat other parts of the law so as not to take a position on questions of substantive law.  (Doc. 171 at 3-4).  Judge Merz explained that judgment finality is a question of law, and, as a result, it is not proper for the local rules to opine on that issue.  (*Id*. at 4).

The Sixth Circuit has acknowledged that "'final judgment' does not have a single fixed meaning, but varies according to context."  *Feldpausch v. Heckler*, 763 F.2d 229, 231 (6th Cir. 1985).  According to *Feldpausch*, "'final judgment' means final and not appealable."  *Id.* at 232.[1]

---

[1] *See also McDonald v. Schweiker*, 726 F.2d 311, 313 (7th Cir. 1983) ("Context may disambiguate. Where the purpose of a statute or rule is to indicate what orders are appealable, as is true of Fed. R. Civ. P. 54(b) or 28 U.S.C. Section 1291, finality must refer to the pre-appellate proceedings.  But in a statute such as 46 U.S.C. Section 748, which defines the circumstances under which the United States will pay admiralty claims, 'final judgment' must mean final after all appeals for one cannot imagine the government being willing to pay before then (as we are about to see).").

3

### C. Case Law

Defendants argue that courts throughout the Sixth Circuit have recognized the district court's ability to assess costs to the prevailing party while an appeal is pending. (Doc. 170 at 2). However, the cases that Defendants cite apply the local rules of districts that materially differ from Local Rule 54.1.1. *See, e.g., Hyland v. HomeServices of Am., Inc.*, No. 3:05cv612, 2013 U.S. Dist. LEXIS 64722, at *7-8 (W.D. Ky. May 6, 2013); *Singleton v. Select Specialty Hosp.-Lexington, Inc.*, No. 1:03cv4, 2009 U.S. Dist. LEXIS 48891, at *10 (E.D. Ky. June 10, 2009). Specifically, the local rules in both the Western and Eastern districts of Kentucky call for taxation after entry of "judgment."[2]

However, districts with rules similar to S.D. Ohio Civ. R. 54.1.1 have waited for the resolution of pending appeals. For example, in the Northern District of West Virginia, local rules state that "[t]he prevailing party shall prepare a bill of costs within thirty days after entry of the *final judgment*." N.D.W.V. Civ. R. 54.01 (emphasis added). In that district, the court held that a decision regarding costs must await resolution of all appeals. *Am. Heartland Port v. AM. Port Holdings, Inc.*, No. 5:11cv50, 2014 U.S. Dist. LEXIS 143151, at *26 (N.D.W.V. Oct. 8, 2014) ("Because these matters remain pending on appeal, this Court believes that it would be premature to decide the bill of costs at this time.").

---

[2] *See also Sorrels v. NCL Ltd.*, No. 13-21413-CIV, 2014 U.S. Dist. LEXIS 125831, at *6 (S.D. Fla. Sept. 3, 2014), where the local rule explicitly permits a determination on costs "regardless of the prospect or pendency of supplemental review of appellate proceedings." S.D. Fla. Civ. R. 7.3(c).

Three cases from this District, while all involving the former Local Rule, note that taxation of costs should await the exhaustion of all appeals. *See, e.g., Reardon v. Forest Pharms., Inc.*, No. 3:11cv274, 2013 U.S. Dist. LEXIS 92051 (S.D. Ohio July 1, 2013), *Shepherd v. Honda of Am. Mfg.*, 160 F. Supp. 2d 860 (S.D. Ohio 2001),[3] *McDonnell v. Cardiothoracic & Vascular Surgical Assoc.*, No. C2-03-0079, 2006 U.S. Dist. LEXIS 41869 (S.D. Ohio June 22, 2006).

### D. Efficiency Arguments

Finally, Defendants argue that this Court should address the Bill of Costs forthwith because: (1) taxation now would permit an appeal of the costs award to be consolidated with an appeal of the current appeal; (2) the Court would benefit from a fresh recollection; and (3) Plaintiff would not be prejudiced. (Doc. 170 at 4).

First, Plaintiff's opening brief at the Sixth Circuit is due April 6, 2015, so Plaintiff could not include any appeal of costs in that brief.[4]

Second, the determination of costs is only tangentially related to the substantive issues in the case and therefore, this Court does not require a "fresh recollection" of the case to consider the issue of costs. In fact, costs are generally taxed by the Clerk, not the District Judge. *See* S.D. Ohio Civ. R. 54.1.1(b).

---

[3] In *Shepherd* "[t]he Defendant opposes an award of costs until all post-Judgment motions and appeals have been resolved. The Plaintiff concurs with this position in light of [former] S.D. Ohio Local Rule 54.1."

[4] It would be logistically impossible for both parties to fully brief the pending motion for costs (Doc. 168), for the Clerk to act, and for Plaintiff to incorporate an appeal of costs in its April 6, 2015 brief.

Third, Plaintiff *would* be prejudiced by having to expend the effort rebutting Defendants' motion for costs, where a successful appeal could render that effort moot. Moreover, this Court may be prejudiced by having to expend judicial resources to decide a motion where a successful appeal could render the Court's efforts moot.

## IV.  CONCLUSION

Accordingly, for these reasons, Plaintiff's motion to deny the bill of costs (Doc. 169) is **GRANTED** and Defendants' motion for an award of costs (Doc. 168) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Date:  2/18/15                                                                 *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge